## HINE ET AL. *v.* CARTER ET AL.

*Quiet title — Appeal lies to court of appeals, when — Collateral attack — Former decree in action to enforce lien — Failure to serve defendants on cross-petition — Life estate conveyed by deed — Placed in escrow until judgment satisfied — No title passes to grantee or remaindermen, when.*

1. An action to quiet title to real estate, brought by the parties in possession thereof, which does not seek the recovery of possession of the property, is a chancery case and may be appealed to the court of appeals under Section 6, Article IV, Constitution, 1912.

2. Defendants who are duly served with summons on a petition in an action to enforce a lien upon real estate are in court for such purposes of the case as in any way affect the title to the real estate in controversy and are bound by the decree rendered in such proceeding, and such defendants can not, in a subsequent action to quiet title, challenge the jurisdiction of the court rendering such former decree on the ground that they were not served with summons on certain cross-petitions under which judgment creditors shared in the distribution.

3. A executed a deed conveying a life estate to B, the wife of a judgment creditor of A, which deed was to be held in escrow and delivered to B upon payment by her of her husband's obligation

to A. B having failed to pay such debt, an action was instituted by the judgment creditor to enforce his lien against the property, which property B purchased at judicial sale. *Held:* B never having discharged her husband's debt and the deed never having been delivered to her, no title passed to her or to remaindermen upon the termination of the life estate conveyed to her by such deed. B acquired title to the property by her purchase at judicial sale.

(Decided April 29, 1918.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Stanley Struble,* for plaintiffs.
*Messrs. Powell & Smiley* and *Mr. J. C. Healy,* for defendants.

HAMILTON, J. This cause is in this court on appeal by the defendants from the final judgment of the common pleas court of Hamilton county, Ohio, in favor of the plaintiffs.

The original action was brought to quiet title of plaintiffs in certain real estate described in the petition. Defendants claim title to the premises, subject however to a life estate of their mother, Martha Carter.

The plaintiffs herein filed a motion to dismiss the appeal for the reason that the case is not appealable. On this motion we shall content ourselves by saying that the action is one to quiet title to real estate, brought by the parties in possession thereof, and does not seek the recovery of possesion of the property. The case is therefore a chancery case and appealable, and the motion to dismiss the appeal is overruled.

Upon the trial it appeared that Charles D. Hine obtained possession of the lands in question in

1888 by virtue of a warranty deed in fee simple with release of dower from Martha Carter and William C. Carter, her husband, which deed was duly recorded in the recorder's office of Hamilton county, Ohio, the 15th day of August, 1888, in deed book 657, page 236; that the said Charles D. Hine took possession of the real estate under said deed at said time, made improvements thereon and exercised absolute ownership until his death; that the said Charles D. Hine died testate and by his will devised the real estate in question to these plaintiffs, who are his sons and heirs; and that they have ever since held possession of the premises and occupied the same and are now in possession of said premises. Plaintiffs offered in evidence in support of their title a deed from Martha Carter and husband to their father, Charles D. Hine, and a deed by the sheriff of Hamilton county to Martha Carter under a judicial sale of said premises, said sheriff's deed to Martha Carter being under date of June 29, 1888, which said deed was duly recorded on August 14, 1888. They further offered the record in the case of *Jessie F. Messick* v. *Daniel W. Smith, Admr., etc., et al.,* No. 75494 of the common pleas court, and the docket and journal entries in said case, tending to prove that under the proceedings in this case judicial sale was had resulting in the sale and the sheriff's deed above mentioned to Martha Carter.

Defendants in support of their claim offered evidence that the title of Martha Carter was obtained by virtue of a deed from David Smith, Sr., made and executed in his lifetime, which conveyed to the said Martha Carter only a life estate in

the premises, with remainder to the defendants
herein; that the conveyance by Martha Carter to
the said Charles D. Hine only conveyed a life
estate and that defendants are entitled to the
remainder after the death of their mother, Martha
Carter; and defendants further contend that the
court was without jurisdiction to make the order
issued in the case of *Messick* v. *Smith et al.*, and
that the findings and judgment and order of sale
were void and of no effect for the reason that no
summons was issued for the said defendants on
certain cross-petitions in that case.

The Messick case was a proceeding to enforce a
lien claimed by the plaintiff on the real estate in
question, said plaintiff, Messick, being a judgment
creditor of David Smith, Sr., having purchased a
judgment had on a certain note executed by the
husband of the said Martha Carter with the said
David Smith, Sr., as surety; and the plaintiff
alleged that the deed of said David Smith, Sr., to
Martha Carter was executed and delivered in
escrow to one Daniel W. Smith, to be held by the
said Daniel W. Smith and delivered to the said
Martha Carter upon her payment of certain obli-
gations, among which was the judgment of the
plaintiff, Messick. Other judgment creditors by
cross-petitions set up like claims. Upon the hear-
ing of the said case of *Messick* v. *Smith* the court
found the issues in favor of the judgment cred-
itors, and found their claims liens upon the real
estate in question and that the said Martha Carter
should discharge the same within thirty days or
suffer a sale of the real estate to satisfy these
claims. The liens not having been satisfied an

order of sale was issued and a sale of the premises made to said Martha Carter as above stated.

Counsel for defendants in their brief argue the question of the interests of defendants upon the proposition that the proceeding in the Messick case was based upon the recognition and validity of the deed from David Smith, Sr., to Martha Carter and that the title passed thereunder subject to the liens and claims presented in that case.

A reading of the decree, however, does not warrant this position. The court, among other things, makes the following finding:

"That said David Smith, Sr., did not deliver said deed to said Martha C. Carter, but did deliver the same to said Daniel W. Smith to be held by him in escrow, to be delivered by him to said Martha C. Carter upon the payment by her of said amounts evidenced by said promissory notes; that said Martha C. Carter has not paid the same or any part thereof except the sum of $136.00 on the 8th day of March, 1883, as set forth in the cross-petition of S. B. Carter, herein, and that said plaintiff and cross-petitioners are entitled to have said real estate sold to pay the same;

"It is therefore ordered that the said Martha C. Carter or some one for her pay or cause to be paid the said sums and interest to the persons herein found entitled to the same or to the attorneys of the said parties herein together with the costs of this action within 30 days after the entering of this decree, or that in default thereof an order issue to the Sheriff of Hamilton County, Ohio, commanding him to appraise the said real estate according to law, and to advertise and sell the

same as upon execution at law, and to hold the
proceeds of sale in his hands subject to further
order of this Court and that, of his proceedings
under this order he make due return, and all issues
as to priorities are hereby reserved for the further
consideration of the court."

It further appears from the findings of the court
in the Messick case that said Martha Carter failed
to make payments as provided, in the time speci-
fied, and the order of sale was therefore issued.

It is clear under this decree that no title could
have passed under the Smith deed to Martha
Carter as there was no delivery to her, she having
failed to comply with the terms and conditions
provided. The property sold was therefore the
property of the estate of said David Smith, Sr.,
and neither Martha Carter nor defendants acquired
any interests in the real estate in question under
the Smith deed.

The very able brief filed by counsel for defend-
ants discusses largely the question of vesting of
estates and contingent interests and would have
been of great assistance in this case on those ques-
tions, but in view of the law that the decrees in
the Messick case import absolute verity and are
not void, although possibly erroneous, those ques-
tions are eliminated from consideration.

The point is made that because the finding
included the holding that the annuity should be
paid to the widow of David Smith, Sr., it indi-
cated the recognition by the court in the Messick
case of the deed under which the annuity was
created. This does not follow, as the annuity was
erroneously allowed in that decree. The annuity

could not have become a lien until the deed was delivered and the title passed to Martha Carter. The interest of the widow of David Smith, Sr., in the property would be in the nature of her dower right, which dower however was released by her quitclaim deed to Martha Carter, executed and delivered after the purchase of the property at sheriff's sale. While the decree in this respect might have been erroneous, it was not void, and can not, therefore, be collaterally impeached in this proceeding.

Further, on the question of the jurisdiction of the court in the case of *Messick* v. *Smith et al.,* the record of which is in evidence, we find the court had jurisdiction, all the necessary and legal steps having been taken to determine the issues in that case and to bring about the judicial sale to Martha Carter. It is admitted by the defendants that they were duly served with summons on the petition in that case, and they raise the question of jurisdiction on the fact that they were not served with summons on certain cross-petitions under which judgment creditors shared in the distribution. The defendants having been properly in court under summons issued on the petition we hold that they were in court for such purposes of the case as in any way affect the title to the real estate, and are bound thereby.

On the question of jurisdiction we find this case to be practically on all fours with the case of *Richards* v. *Skiff et al.,* 8 Ohio St., 587. The court in its opinion in that case says, at page 589:

"Whether the court could have acquired jurisdiction in the case so as to make a valid order of

sale, without having the infant defendant before it, we need not inquire unless the record presents such a case. It is the record of a court of general common-law and chancery jurisdiction—a court of record, competent to decide on its own jurisdiction; and if the record were silent as to the service of process, it would, in a collateral proceeding, be presumed to have properly acquired jurisdiction. *Moore* v. *Starks,* 1 Ohio St., 369."

The sale of the premises authorized by the court in the Messick case was of the fee-simple interest, and the sale and deed to Martha Carter therefore conveyed the fee-simple interest, and her title is not in any way affected by the distribution of the proceeds. This being true, her conveyance to the said Charles D. Hine conveyed the fee-simple title of the premises in question.

Under the above holding on the question of jurisdiction of the court in the Messick case it is unnecessary to determine the other questions raised.

Finding the equities in favor of the plaintiffs, a decree may be taken quieting their title against the defendants.

*Judgment for plaintiffs.*

JONES, P. J., concurs.